United States District Court
Southern District of Texas
**ENTERED**
June 09, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID GARCIA SALAZAR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-204 |
| | § | |
| SHELLPOINT MORTGAGE | § | |
| SERVICING, et al., | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 30, 2020, Plaintiff David Garcia Salazar filed suit against Defendants Shellpoint Mortgage Servicing and Substitute Trustee Connie Cobb in the Cameron County Court at Law V. Dkt. No. 1-2. Salazar's claims revolve around his home mortgage and preventing Defendants from foreclosing on his home. Id.

On December 9, 2020, Shellpoint timely removed the case to this Court. Dkt. No. 1.

On May 4, 2021, Shellpoint filed a motion to dismiss, arguing that Salazar failed to state a claim upon which relief can be granted. Dkt. No. 11. Salazar did not file a response to the motion.

After reviewing the record and the relevant case law, the Court recommends that the motion to dismiss be granted. Despite his various assertions, Salazar has failed to state a claim upon which relief can be granted.

**I. Background**

**A. Factual Background**

On February 15, 2007, Salazar executed a promissory note for $72,280, to purchase a home in Cameron County, Texas. Dkt. No. 1-2, p. 3. Salazar made some late payments in subsequent years, which were accepted by Shellpoint; but, when he "stayed behind on a few payments," Shellpoint "refused to take late payments." Id., pp. 3-4. Salazar alleges

that he "has never received a demand letter" from Shellpoint, to put him "on notice of [any] demand for late payments or intent to accelerate if not cured." Id.

Salazar also alleges that Shellpoint moved to foreclose on the home prior to his being 120 days delinquent on payments, in violation of "the Federal Consumer Financial Protection Bureau servicing rules." Dkt. No. 1-2, p. 5.

**B. Procedural History**

On November 30, 2020, Salazar filed suit against Shellpoint and Cobb in the Cameron County Court at Law V. Dkt. No. 1-2.  Salazar seeks injunctive relief to prevent any foreclosure or loss of his home. Id.  Salazar also alleges that because Shellpoint previously accepted late payments, they had waived acceleration of the note with their actions. Id., pp. 4-5.  Salazar alleged that Shellpoint failed to wait until he was "more than 120 days delinquent on payments before making the first official notice of filing for any nonjudicial or judicial foreclosure." Id., p. 5.  Salazar does not specifically allege when he first became delinquent on his payments. Id.  Salazar also alleged that Shellpoint failed to send a notice of default and intent to accelerate, in violation of Texas law. Id., p. 7.  He also alleged that Shellpoint failed to send a breach letter. Id., pp. 6-7.  Finally, Salazar also alleged that Shellpoint illegally appointed multiple substitute trustees. Id.

On December 9, 2020, Shellpoint timely removed the case to this Court on the basis of federal question and diversity jurisdiction. Dkt. No. 1.

On May 4, 2021, Shellpoint filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(c). Dkt. No. 11.  Shellpoint argues that: (1) acceptance of late payments does not constitute waiver; (2) Salazar has not pled facts showing that Shellpoint attempted to foreclose less than 120 days after he first became delinquent in his payments; (3) Salazar cannot maintain a claim for breach of contract; and, (4) Salazar cannot sustain a wrongful foreclosure claim as a matter of law. Id.

Salazar has not filed a response.

## II. Applicable Law

### A.  Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is judged under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 313 n. 8 (5th Cir. 2002).  Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019).  All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

## III. Analysis

As an initial matter, Salazar did not file a response to the motion to dismiss. Typically, if a party fails to respond to a motion, it is considered unopposed. Local Rule 7.4.  The Court, however, may not simply grant a motion to dismiss as unopposed; it must consider the merits of the motion. Webb v. Morella, 457 F. App'x 448, 452 (5th Cir. 2012)

(citing <u>John v. State of La. (Bd. of Trustees for State Colleges & Universities)</u>, 757 F.2d 698, 709 (5th Cir. 1985)).  Thus, the Court will treat the motion as opposed.

As the Court reads the complaint, Salazar makes four overarching claims: (1) Shellpoint waived acceleration of the note by previously accepting late payments; (2) Shellpoint did not wait the required 120 days between Salazar initially defaulting and beginning the foreclosure process; (3) Shellpoint breached the deed of trust by not sending a notice and demand letter; and, (4) Shellpoint failed to follow Texas law on foreclosures. Each of these claims is meritless and should be dismissed, as set out below.

**A. Waiver**

Salazar argues that Shellpoint waived its right to accelerate the note by previously accepting late payments.  Simply stated, this claim is frivolous.

Under Texas law, "[w]aiver involves the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." <u>Stephens v. LPP Mortg., Ltd.</u>, 316 S.W.3d 742, 748 (Tex. App. 2010). "The elements of waiver include (1) an existing right, benefit, or advantage held by a party, (2) the party's actual knowledge of its existence, and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." <u>Id</u>. (citing <u>Ulico Cas. Co. v. Allied Pilots Ass'n</u>, 262 S.W.3d 773, 778 (Tex. 2008).  However, "[w]aiver is an affirmative defense, not a cause of action, and does not operate to create liability." <u>Thomas v. Compass Bank</u>, No. 01-01-00467-CV, 2002 WL 1340333, at *4 (Tex. App. June 20, 2002).

Thus, Salazar cannot maintain a cause of action for waiver because it is an affirmative defense, rather than a cause of action. <u>Id</u>.  Furthermore, even to the extent such a claim could be raised, it is meritless.  The Fifth Circuit has concluded that "a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose." <u>Watson v. CitiMortgage, Inc.</u>, 530 F. App'x 322, 326 (5th Cir. 2013).  Salazar has pled no "additional conduct inconsistent with the right to foreclose."  Accordingly, this claim should be dismissed with prejudice.

4

## B. Premature Foreclosure Process

Salazar alleges that Shellpoint did not wait the required period of time before moving toward foreclosure.  Again, this claim should be dismissed.

Federal regulations provide that a mortgage servicer "shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless a borrower's mortgage loan obligation is more than 120 days delinquent." 12 C.F.R. § 1024.41(f)(1) (cleaned up)[1].  This provision is privately enforceable via 12 U.S.C. § 2605(f).  See 12 C.F.R. § 1024.41(a) ("A borrower may enforce the provisions of this section pursuant to" § 2605(f)).  Under § 2605(f), a plaintiff may receive (1) any actual damages and (2) any additional damages for showing that the failure was part of "a pattern or practice of noncompliance with the requirements of this section." § 2605(f)(1)(A)-(B).

Salazar's pleading suffers from several fatal deficiencies.  As an initial matter, Salazar has not pled when he first became delinquent or when Shellpoint made the first notice or filing for judicial or nonjudicial foreclosure.  Thus, Salazar has not pled sufficient facts to show that this provision was violated. Cruz v. JPMorgan Chase Bank, N.A., No. 7:18-CV-1, 2018 WL 689610, at *2 (S.D. Tex. Feb. 1, 2018) (failure to plead dates, constitutes a failure to state a claim upon which relief can be granted).

Furthermore, Salazar has not pled any actual damages that he has suffered or any pattern or practice of noncompliance by Shellpoint.  Thus, he cannot recover damages for this claim. As such, this claim should be dismissed for failure to state a claim upon which relief can be granted.

## C. Breach of Contract

Salazar alleges that Shellpoint breached the deed of trust.  Once again, this claim appears meritless.

---

[1] "Cleaned up" is a parenthetical that signals to the reader that the author "has removed extraneous, non-substantive clutter such as brackets, quotation marks, ellipses, footnote signals, internal citations or made un-bracketed changes to capitalization," in order to make the quotation more readable, but has not altered the substance of the quotation. Na v. Gillespie, 2017 WL 5956773, at *3, 234 Md. App. 742, 174 A.3d 493 (Md. Ct. Spec. App. Dec. 1, 2017); see also Brownback v. King, -- U.S. ---, 141 S. Ct. 740 (2021) (using "cleaned up").

Admittedly, Salazar's claim is unclear.  The complaint states that "Texas deeds of trust contain a clause that requires the lender to send notice, which is often called a breach or demand letter, informing Plaintiff that the loan is in default before it can accelerate the loan and proceed with foreclosure." Dkt. No. 1-2, p. 5.  Other courts have interpreted this claim as a breach of contract claim, namely, that the Defendant breached the requirements of the deed of trust. Perez v. Wells Fargo USA Holdings, Inc., No. 7:19-CV-317, 2019 WL 6687704, at *6 (S.D. Tex. Dec. 6, 2019).

"A plaintiff asserting a breach-of-contract claim must prove (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." USAA Texas Lloyds Co. v. Menchaca, 545 S.W.3d 479, 502 n. 21 (Tex. 2018).  "It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc., 518 S.W.3d 432, 436 (Tex. 2017).

Even if the Court assumes the existence of a valid contract, this claim is meritless. As to the second element – that he tendered performance – Salazar admits that he did not timely and fully make all the required payments. Dkt. No. 1-2, p. 3.  This failure also negates the third element – that Shellpoint failed to tender performance – because his breach discharged Shellpoint from further performance. Bartush-Schnitzius Foods, 518 S.W.3d at 436.  Furthermore, Salazar has pled no facts showing that he sustained any damages because of the breach, given that he remains in his home and it has not been foreclosed upon.

This claim should be dismissed for failure to state a claim upon which relief can be granted.

### D. Foreclosure Procedures

Salazar alleges that Shellpoint failed to send a notice of default and intent to accelerate, and improperly appointed substitute trustees, in violation of Texas law. Even if factually true, this claim fails as a matter of law.

Under Texas law, "a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence" is entitled to "written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of [foreclosure] sale." TEX. PROP. CODE § 51.002(d).  Despite the entitlement, there is no private right of action for violations of this statute. Carey v. Fargo, No. CV H-15-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (collecting cases); Daniels v. Regions Bank, No. 4:19-CV-00416-P, 2019 WL 4735800, at *4 (N.D. Tex. Sept. 27, 2019); Jones v. MTGLQ Inv'rs, L.P., No. 6:17-CV-522, 2019 WL 3806070, at *3 (E.D. Tex. June 24, 2019); Baker v. Wells Fargo USA Holdings, Inc., No. SA-19-CV-522-XR, 2019 WL 2501922, at *2 (W.D. Tex. June 17, 2019).

Rather, any such claim would, more accurately, be considered a claim for wrongful foreclosure. See Krishnan v. Zaidi, No. 4:19-CV-0063-ALM-CAN, 2019 WL 5691986, at *9 (E.D. Tex. Aug. 16, 2019), report and recommendation adopted, No. 4:19-CV-63, 2019 WL 4686363 (E.D. Tex. Sept. 26, 2019) ("Texas Property Code Chapter 51 provides [. . .] no private right of action to enforce its provisions as courts presently have interpreted it; courts construe such claims instead as those for wrongful foreclosure.").

The same holds true for any claim that Shellpoint improperly appointed the substitute trustee[2]; it is considered as part of a wrongful foreclosure claim. Thomas v. EMC

---

[2] Furthermore, the claims against the substitute trustee should be dismissed for failure to state a claim upon which relief can be granted.  Under Texas law, a substitute trustee "shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." Tex. Prop. Code § 51.007(f).  If the plaintiff does not allege bad faith by the substitute trustee, then the trustee has been improperly joined and should be dismissed from the case. Williams v. Wells Fargo Bank, No. 4:13-CV-825, 2014 WL 1024003, at *5 (S.D. Tex. Mar. 13, 2014) (citing Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel,

Mortg. Corp., No. 4:10-CV-861-A, 2011 WL 5880988, at *6 (N.D. Tex. Nov. 23, 2011), aff'd, 499 F. App'x 337 (5th Cir. 2012). Even if the Court considers these claims to be wrongful foreclosure claims, Salazar fares no better.

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App. 2008). Moreover, even if the Court assumes that the lack of notice constitutes a defect in the proceedings, there has been no foreclosure sale. This simple fact is fatal to any claim for wrongful foreclosure. See Smitherman v. Bayview Loan Servicing, LLC, 727 F. App'x 787, 790 (5th Cir. 2018) ("Because the foreclosure sale had not occurred and [plaintiff] never lost possession of the property, [plaintiff's] wrongful foreclosure claim was premature and properly dismissed."). Accordingly, this claim is also legally meritless and should be dismissed with prejudice. Nevertheless, that dismissal with prejudice shall not be construed as having any preclusive effect on a future claim of wrongful foreclosure after a foreclosure has actually occurred. See Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 328 (1955) (res judicata cannot "be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case.").

**IV. Recommendation**

It is recommended that the motion to dismiss filed by Shellpoint Mortgage Servicing be granted. Dkt. No. 11. All claims made by Plaintiff David Garcia Salazar should be dismissed with prejudice.[3]

---

LLP, No. G–12–188, 2013 WL 1619691, at *3 (S.D. Tex. March 22, 2013)). Salazar has not pled any facts showing any bad faith act undertaken by the trustee, making dismissal appropriate.

[3] The Court has previously sanctioned Plaintiff's counsel for filing complaints substantially similar to the one used in this case. Garcia v. Metro. Life Ins. Co., No. 1:19-CV-113, 2020 WL 826642 (S.D. Tex. Jan. 27, 2020), report and recommendation adopted 2020 WL 824191 (S.D. Tex. Feb. 19, 2020). The Court takes no position on whether further sanctions are warranted in this case.

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).   A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on June 9, 2021.

Ronald G. Morgan
United States Magistrate Judge